Dear Chief Cooper:
Thank you for your recent request for an Attorney General's Opinion. Your questions as I appreciate them are as follows:
1. Must a copy of every traffic citation issued be recorded with the state?
2. Can a mayor void a traffic ticket?
The law specifically addresses the appropriate method of disposition of traffic tickets. The Louisiana Revised Statutes provide in R.S. 32:398.2 as follows:
A. Each traffic enforcement officer upon issuing a traffic citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city or town shall deposit the original citation or a copy of such traffic citation with a court having jurisdiction over the alleged offense or with the appropriate traffic violations bureau.
B. Upon the deposit of the original citation or a copy of the traffic citation with a court having jurisdiction over the alleged offense or with the traffic violations bureau as set forth herein, the original citation or copy of such traffic citation shall be disposed of only by trial in the court of proper jurisdiction or any other official action by a judge of the court, including forfeiture of the bail, or by the deposit of sufficient bail with the traffic violations bureau or payment of a fine to said bureau by the person to whom such traffic citation has been issued.
C. It shall be unlawful for any traffic enforcement officer or any other officer or public employee to dispose of a traffic citation or copies thereof or of the record of the issuance of the citation in a manner other than as required herein.
D. The chief administrative officer of each traffic enforcement agency in the state shall require all traffic officers under his supervision to return to him a copy of every traffic citation which was issued by the officer for the violation of a traffic law or ordinance, and in addition shall require the return of all copies of every traffic citation which has been spoiled or upon which an entry has been made without having issued the citation to the alleged violator.
E. The chief administrative officer shall also maintain or cause to be maintained in connection with every traffic citation issued by an officer under his supervision a record of the disposition of the charge by the court or its traffic violations bureau in which the original or a copy of the traffic citation was deposited.
F. Nothing herein shall be construed as prohibiting or interfering with the authority of a district attorney or other prosecuting attorney to dismiss a traffic citation or charge by entry of a nolle prosequi.
This law requires the officer issuing the citation to file either the original citation or a copy thereof with a court of proper jurisdiction or the traffic violations bureau. Once the citation has been deposited, this section outlines possible methods of disposition. The ticket may only be disposed of by trial in the court of proper jurisdiction, or by any other official action by a judge of the court, by payment of bail or fine by the person to whom the citation was issued, or by dismissal by entry of a nolle prosequi by the district attorney or other prosecuting attorney.
It is the opinion of this office that a mayor may not dismiss charges on a traffic violation, regardless of the consent of the Board of Aldermen. The law includes a penalty provision for any person who unlawfully disposes of a traffic citation. Violation of this law constitutes a misdemeanor punishable by a fine of not more than five hundred dollars or imprisonment for not more than six months or both. (R.S. 32:398.3 (A)).
In conclusion, R.S. 32:398.2 specifies the manner of disposition of traffic citations. And that law requires a copy of each citation to be returned to the chief administrative officer of the respective traffic enforcement agency. Additionally, a public official (including a mayor) who disposes of traffic citations in a manner other than those specified in this statute is subject to the penalties therein.
Thank you again for your inquiry. If I may be of further assistance to you on this or another matter, please do not hesitate to contact me.
With kindest regards, I am
Sincerely,
William J. Guste, Jr. Attorney General
By: Rene I. Salomon Assistant Attorney General
 Office of the Attorney General State of Louisiana
 Opinion No. 81-215 May 5, 1981
70 Motor vehicles — control and Regulation LSA-R.S. 32:398.2 and 32:398.3
The voiding of traffic tickets by the municipal chief of police or disposition by a procedure other than the procedure Mandate by state law is illegal.
Honorable Tom Anderson Mayor P.O. Box 1059 Hammond, Louisiana 70404